UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTWAN MAXEY,<br>   Plaintiff, | )<br>)<br>) |
| vs. | )     No. 19-4241 |
| GALESBURG POLICE<br>DEPARTMENT, et. al.,<br>   Defendants | )<br>)<br>)<br>) |

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The *pro se* Plaintiff claims Dr. Bautista, Placement Officer John or Jane Doe, Officer Rammage, Officer Stewart, and Warden Dorethy violated his constitutional rights at Hill Correctional Center. Plaintiff was in a car accident prior to his incarceration which left him with several, severe injuries. Plaintiff says he has a brain injury and he cannot feel anything in his left leg from his calf down. Consequently, Plaintiff has difficulty walking.

Plaintiff says when he entered Hill Correctional Center he was placed in a cell on the lower level. A few days later, Plaintiff was told he was moving to an upper level.

1

Plaintiff uses a cane and says it is clear to everyone he has difficulty walking. Therefore, Sergeant John Doe stopped the move and said he first wanted to check whether Plaintiff had a lower gallery permit. The Sergeant returned and confirmed Plaintiff did have a permit and should not be moved upstairs. It is not clear from the complaint when this incident occurred.

In November of 2017, Plaintiff was again told he was moving to an upper gallery. However, when Plaintiff discussed his concerns with Defendants Rammage and Stewart, he was told he could either move upstairs or face disciplinary charges.

Plaintiff says he moved upstairs "even though I knew I was risking my health." (Comp., p. 6). Plaintiff filed a grievance based on the placement and Plaintiff claims he was given a lower gallery and lower bunk permit dated November 26, 2017. Plaintiff was still forced to walk up and down the stairs for one more day until Plaintiff was told he could move to a cell on the lower gallery. However, Plaintiff was forced to move his own belongings. Plaintiff's left leg gave out during the move and he fell down the stairs. Plaintiff was taken to the Health Care Unit where he remained overnight.

Plaintiff says he has been in pain ever since he fell. The pain began in his left shoulder, but Plaintiff says he now also suffers with daily headaches. Plaintiff is asking for monetary damages.

Plaintiff has attached four grievances to his complaint dated December 3, 2017; December 6, 2017; June 19, 2018; and June 21, 2018. The December 3, 2017 grievance again describes Plaintiff's injuries and complaints he has been denied a low bunk permit, a slow walk permit, a lower gallery permit, and physical therapy (PT). Instead,

Plaintiff says he was moved to an upper gallery and an upper bunk which is extremely difficult for him. The grievance does not mention Dr. Batista.

The December 6, 2017 grievance repeats all of the claims alleged in Plaintiff's complaint.

The June 19, 2018 grievance and the June 21, 2018 grievance allege Plaintiff will soon lose some prescribed and needed medical care. For instance, Plaintiff says he has pain in his left shoulder, but he is almost out of pain medication. In addition, he is no longer scheduled for physical therapy. Plaintiff also claims no one has explained why he still has pain in his shoulder, but Plaintiff does not indicate if he has requested medical care. Plaintiff again does not mention Dr. Bautista in either grievance.

Plaintiff has attached one responsive from the Administrative Review Board, but the response addresses a fifth grievance dated October 18, 2017 which is not attached to the complaint. (Comp, p. 9). The response notes Plaintiff had a low bunk permit when he arrived at Hill Correctional Center, but he did not receive a low gallery assignment until December 5, 2017. The response also notes a doctor approved a show walking permit and a PT referral on December 28, 2017 based on Plaintiff's arthritis. (Comp., p. 9). There is no mention of a fall, nor PT based on injuries due to a fall.

It is difficult to decipher Plaintiff's specific claims based on his pleadings and contradictory attachments. First, if Plaintiff intended to state a claim against Dr. Bautista or any claim concerning his medical care, his complaint is not sufficient. In order to hold an individual liable under 42 U.S.C. §1983, Plaintiff must "show that the defendants were personally responsible for the deprivation of their rights." *Wilson v.*

*Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id. quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

However, Plaintiff makes no mention of Dr. Bautista in the body of his complaint or his involvement in Plaintiff's medical care. *SeePotter v Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."). Plaintiff also provides very little information concerning a denial of medical care in his complaint.

Second, it is difficult to follow the time frame of Plaintiff's allegations or determine whether Plaintiff had a low gallery permit prior to his move in November of 2017. Only medical staff can determine whether an inmate's condition requires a permit for a lower gallery, bottom bunk, or slow walking. Therefore, if Plaintiff did *not* have a permit, then officers could move Plaintiff to an upper gallery. Plaintiff also does not indicate if he ever requested any permits, or if he already had any permits before he entered Hill Correctional Center which were then ignored.

The Court will allow Plaintiff an opportunity to file an amended complaint clarifying his intended claims. Plaintiff is advised all claims must be clearly stated in the body of his complaint and he should not rely on attachments to explain his claims.

All claims against all Defendants must be included in the amended complaint and the amended complaint must not make reference to the original complaint.

If Plaintiff intends to state a claim based on medical care, he should explain his condition and what care he needed. In addition, Plaintiff should state when and how he requested medical care or a permit, and what response he received. Plaintiff should provide time frames for his claims and identify which Defendants were directly involved. If Plaintiff is uncertain of a Defendant's name, he should at least provide the job title or duties, shift worker, and if possible, a physical description.

If Plaintiff intends to state a claim based on officers either moving him to an upper cell and/or forcing him to move his belongings down flights of stairs, he should indicate when the events happened and who was involved. In addition, Plaintiff should clarify whether he had permit for a lower gallery or lower bunk at the time of his allegations.

Plaintiff must file his proposed amended complaint within 21days of this order. Failure to file his proposed complaint within 21 days will lead to the dismissal of Plaintiff's lawsuit.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure which calls for a short and plain statement of Plaintiff's intended claims. *See* Fed.R.Civ.P. 8(a)(2).

2) Plaintiff must file an amended complaint in compliance with this order within 21 days or on or before February 19, 2020. If Plaintiff fails to file his amended

5

complaint on or before February 19, 2020, or fails to follow the Court's directions, his case may be dismissed. Plaintiff should use the complaint form provided.

3) Plaintiff is reminded he must immediately notify the Court in writing of any change in his mailing address and telephone number. Failure to provide this information could result in the dismissal of his lawsuit.

4) The Clerk of the Court is to provide Plaintiff with a blank complaint form and reset this case for an internal merit review within 30 days.

Entered this 28th day of January, 2019.

                                s/ James E. Shadid
               _____
                              JAMES E. SHADID
                        UNITED STATES DISTRICT JUDGE