UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTWAN MAXEY, )<br>   Plaintiff, )<br> )<br>vs. )<br> )<br>Dr. BAUTISTA, et. al., )<br>   Defendants ) | No. 19-4241 |

MERIT REVIEW AND CASE MANAGEMENT ORDER

This cause is before the Court for consideration of Plaintiff's motion for leave to file an amended complaint. [8].

Plaintiff's original complaint was dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* January 28, 2020 Merit Review Order. Plaintiff's claims centered on a failure to provide a low gallery permit. However, Plaintiff failed to state how the Defendants were involved in his allegations, he did not provide clear time frames, and his attachments appeared to contradict his allegations. In addition, it was unclear if Plaintiff intended to state a claim based on medical care or treatment. Therefore, Plaintiff was given additional time to file an amended complaint and instructions to assist him. *See* January 28, 2020 Merit Review Order, p. 4-5. For instance, if Plaintiff did intend to state a claim based on medical care, the Court explained what information was needed. *See* January 28, 2020 Merit Review Order, p. 5. In addition, Plaintiff was directed to clarify whether he was ever issued a low gallery or low bunk permit. *See* January 28, 2020 Merit Review Order, p. 5.

Plaintiff has now filed his motion for leave to amend his complaint which is granted pursuant to Federal Rule of Civil Procedure 15. [8]. Plaintiff also separately filed medical records apparently in support of his complaint. [9]. The Court will consider the documents only to the extent they clarify Plaintiff's allegations. However, Plaintiff is admonished he must not file random documents with the Court. Instead, he may file a motion asking for specific relief from the Court, or he may file a response to a Court order or a motion filed by Defendants. Plaintiff should clearly label any filing to prevent confusion over the purpose of the document.

Plaintiff's amended complaint identifies three Hill Correctional Center Defendants including Warden Dorethy, Placement Officer Jane or John Doe, and Officer Rammage. Due to a previous injury, Plaintiff says his left lower leg is paralyzed and he walks with a cane. (Amd. Comp., p. 10). Plaintiff says "it is extremely difficult for me to walk up and down the stairs and climb in and out of the top bunk" since he has no feeling in his lower left leg. (Comp, p. 10-11); (Comp.,p. 10). Plaintiff adds "it's clear to everyone" that he is disabled. (Amd. Comp., p. 12).

Plaintiff was transferred to Hill Correctional Center in May of 2017. Plaintiff had a low gallery permit at Stateville Correctional Center, but Hill did not issue the same permit until June 1, 2017. Plaintiff has attached a copy of a memorandum from the Hill Correctional Center Placement Office dated June 1, 2017 which indicates Plaintiff was allowed the use of a cane and a low gallery assignment "indefinitely." (Amd. Comp., p. 9). The Special Needs Permit is signed by both a staff physician and a nurse.

Plaintiff has also attached a second Special Needs Permit dated November 26, 2017.  Plaintiff was approved indefinitely for a cane, low bunk, and low gallery. (Amd. Comp., p. 11).

Nonetheless, Defendant Rammage ordered Plaintiff to move to Cell 71 which apparently was on the top gallery.  Plaintiff explained he had a lower gallery permit, but Officer Rammage told Plaintiff either he moved, or he would be disciplined.  Plaintiff moved to the upper gallery.

Unfortunately, Plaintiff has ignored the Court's directions and he has not provided the date he was ordered to move.  However, based on Plaintiff's previous complaint and attachments, it appeared this incident occurred shortly after the second Special Needs Permit was signed in November of 2017. (Comp., p. 6); (Amd. Comp., p. 5).

Plaintiff was in the upper gallery cell for approximately a week before he received a copy of the newest Special Needs Permit.  On December 5, 2017, Officer Perez told Plaintiff he was moving back to the first gallery. Plaintiff was forced to move his own property despite his handicap.  Plaintiff fell down the stairs during the move and he was transported to the Health Care Unit where he stayed the night.  The medical records provided indicate Plaintiff suffered with pain in his head, arm, and shoulder. (Records,[8], p. 1, 5). Medical staff also observed bruising and slight swelling on the right side of Plaintiff's head. (Records,[8], p. 5).

Plaintiff was later approved for a slow walking permit and physical therapy for arthritis. (Amd. Comp., p. 17). However, Plaintiff again complains about pain

3

medication without providing any specific information. Plaintiff says he was on pain medication for four months, but he was left to suffer in pain when the prescription expired. (Amd. Comp., p. 6). It is not clear if Plaintiff was intended to state a separate claim since he has not identified any medical staff members as Defendants nor has he provided a time frame or any other specific information. However, if Plaintiff was intending to allege a medical claim, he has failed to follow the Court's specific directions and he had failed to adequately articulate a claim. *See* January 28, 2020 Merit Review Order, p. 4, 5

It is somewhat difficult to interpret Plaintiff's other claims. Plaintiff has only identified Defendants he believes ordered him to the upper gallery, but his complaint centers on his fall one week later. The Court must liberally construe the allegations in the *pro se* Plaintiff's complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Therefore, Plaintiff has adequately alleged Defendant Rammage violated Plaintiff's Eighth Amendment rights. The Defendant ordered Plaintiff to move to an upper gallery despite his obvious handicap and lower gallery permit forcing Plaintiff to repeatedly climb stairs. In addition, Plaintiff has articulated an Eighth Amendment claim against Officer Perez. This officer forced Plaintiff to move his own belongings downstairs despite his obvious disability and resulting permits. Plaintiff fell down the stairs as a result. The Court will add Defendant Perez to the list of Defendants since he is identified in the body of the complaint.

Plaintiff makes no mention of the Warden or the John or Jane Doe Placement Officer in his complaint. *See Potter v Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also*

January 28, 2020 Merit Review Order, p. 4.  Plaintiff has also failed to articulate an official capacity claim.  *See Monell v. Department of Social Services,* 436 U.S. 658 (1978).  Therefore, the Court will dismiss Defendant Warden Dorethy.

Plaintiff apparently assumes the Placement Officer ordered his move to the upper gallery floor, but it is possible the move was instead ordered by a supervising officer.  Therefore, the Court will change John Doe Placement Officer to John or Jane Doe.  During discovery, the Defendants will be required to identify if any Defendant, besides Officer Rammage, ordered Plaintiff's placement in the upper gallery cell.

Finally, Plaintiff has not identified Dr. Bautista or Correctional Officer Stewart as Defendants in the caption, list of Defendants, or body of his amended complaint.  Therefore, the Court will also dismiss these individuals.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges: a) Defendants Rammage and John or Jane Doe violated Plaintiff's Eighth Amendment rights when they ordered Plaintiff to move to an upper gallery despite his obvious handicap and lower gallery permit forcing Plaintiff to repeatedly climb stairs; and b) Officer Perez violated Plaintiff's Eighth Amendment rights when he forced Plaintiff to move his own belongings downstairs despite Plantiff's obvious disability and permits.   The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's

discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's motion for leave to file an amended complaint, [8]; 2) Add Defendant Officer Perez and Defendant John or Jane Doe; 3) Dismiss Defendants Bautista, Placement Officer, Stewart, and Dorethy for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 4) Attempt service on Defendants pursuant to the standard procedures; 5) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 5) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 8th day of June, 2020.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE